IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No. 16-mj-1100-CBS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.      BRIENT EUGENE ROBERTS      ,

      Defendant.

---

ORDER OF DETENTION

---

THIS MATTER came before the Court for a detention hearing on June 17, 2016.

The government is requesting detention in this case. The defendant requested release on bond conditions. The parties proceeded by proffer and argument. In making my findings of fact, I have taken judicial notice of the information set forth in the court's docket of proceedings and the Pretrial Services Report.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and

convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including–

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following:

The defendant has an exceedingly lengthy criminal history.   The defendant has five misdemeanor convictions and **eleven** felony convictions that include four convictions for

Attempted Escape.   He has unclassified convictions for Attempted Criminal Possession of 2nd Degree Forged Instrument, and 16 convictions for False Information.   The defendant's five misdemeanor convictions include possession of 1-8 Ounces of Marijuana, Possession of Schedule V Controlled Substance, and three convictions for Possession of Drug Paraphernalia.   His eleven felony convictions include 2nd Degree Introduction of Contraband, 1st Degree Possession of Contraband, and five drug-related convictions. He also has convictions for Threats to Person/Property and Assault – Battery.   During the course of this lifetime of criminal behavior, the defendant incurred 19 instances of failure to appear, 18 resulting in the issuance of warrants and records from NCIC reflect that the defendant has used at least 15 alias names, three alias dates of birth, and two alias social security numbers.   The defendant has committed a number of offenses while on probation, serving a community corrections sentence, or while on parole.   The defendant's term of probation was revoked in Denver County District Court, Case Number 92CR2579 and his term of parole was revoked at least seven times.   The defendant has absconded from parole at least on one occasion. He has six instances of failure to pay and one instance of failure to comply, resulting in the issuance of warrants.

At the time of the defendant's arrest in this case, he had a firearm in his possession and both crack cocaine and methamphetamine in his automobile.

After considering all appropriate factors, I conclude that the preponderance of the evidence establishes that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required.   Further, I conclude by clear and convincing evidence

that no condition or combination of conditions of release will reasonably insure the safety of other persons, including the defendant, or the community.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: June 17, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge